# Exhibit B-1

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 31

SPACE EXPLORATION TECHNOLOGIES
CORP.

And                                                                                     Cases 31-CA-307446
                                                                                                 31-CA-307532
                                                                                                 31-CA-307539
                                                                                                 31-CA-307546
                                                                                                 31-CA-307551
                                                                                                 31-CA-307555

6,7(C)

and                                                                                      Case 31-CA-307514

6,7(C)   an Individual

and                                                                                      Case 31-CA-307525

6,7(C)   , an Individual

## ORDER CONSOLIDATING CASES, CONSOLIDATED COMPLAINT, AND NOTICE OF HEARING

Pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations Board (the Board) and to avoid unnecessary costs or delay, IT IS ORDERED THAT Cases 31-CA-307446, 31-CA-307532, 31-CA-307539, 31-CA-307546, 31-CA-307551, and 31-CA-307555, which are based on charges filed by 6,7(C) Case 31-CA-307514, which is based on a charge filed by 6,7(C) an Individual; and Case 31-CA-307525, which is based on a charge filed by 6,7(C) an individual, respectively, against Space Exploration Technologies Corp. (Respondent) are consolidated.

This Order Consolidating Cases, Consolidated Complaint, and Notice of Hearing, which is based on these charges, is issued pursuant to Section 10(b) of the National Labor Relations Act

(the Act), 29 U.S.C. § 151 et seq., and Section 102.15 of the Board's Rules and Regulations, and alleges Respondent has violated the Act as described below.

   1.   The charges in the above cases were filed by the respective Charging Parties, as set forth in the following table, and served upon Respondent on the dates indicated by U.S. mail:

| Case Number | Amended | Charging Party | Date Filed | Date Served |
|---|---|---|---|---|
| 31-CA-307446 | N/A | 6,7(C) | November 16, 2022 | November 18, 2022 |
| 31-CA-307446 | First Amended | | January 20, 2023 | January 27, 2023 |
| 31-CA-307446 | Second Amended | | December 15, 2023 | December 20, 2023 |
| 31-CA-307514 | N/A | | November 16, 2022 | November 21, 2022 |
| 31-CA-307514 | First Amended | | January 20, 2023 | January 27, 2023 |
| 31-CA-307525 | N/A | | November 16, 2022 | November 21, 2022 |
| 31-CA-307525 | First Amended | | January 20, 2023 | January 30, 2023 |
| 31-CA-307532 | N/A | | November 16, 2022 | November 21, 2022 |
| 31-CA-307532 | First Amended | | January 20, 2023 | January 27, 2023 |
| 31-CA-307539 | N/A | | November 16, 2022 | November 21, 2022 |
| 31-CA-307539 | First Amended | | January 20, 2023 | January 30, 2023 |
| 31-CA-307546 | N/A | | November 16, 2022 | November 21, 2022 |
| 31-CA-307546 | First Amended | | January 20, 2023 | January 30, 2023 |
| 31-CA-307551 | N/A | | November 16, 2022 | November 21, 2022 |
| 31-CA-307551 | First Amended | | January 20, 2023 | January 30, 2023 |
| 31-CA-307555 | N/A | | November 16, 2022 | November 21, 2022 |
| 31-CA-307555 | First Amended | | January 20, 2023 | January 27, 2023 |

2. (a) At all material times, Respondent has been a corporation with an office and place of business at 1 Rocket Road, Hawthorne, California 90250 (Hawthorne facility).

(b) In conducting its operations during the 12-month period ending September 21, 2023, a representative period, Respondent has been engaged in the manufacture and operation of rocket vehicles and satellites and has provided launch services to the United States valued in excess of $1,000,000.

(c) Based on its operations described above in paragraph 2(b), Respondent has a substantial impact on the national defense of the United States.

(d) In conducting its operations during the period described above in paragraph 2(b), Respondent purchased and received at its Hawthorne facility goods valued in excess of $5,000 directly from points outside of the State of California.

3. At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

4. At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and/or agents of Respondent within the meaning of Section 2(13) of the Act:



2024-NLFO-00683-000003

5. (a) About [6,7(C)] [6,7(C)] - [6,7(C)] 2022, Respondent's employees [6,7(C)] [6,7(C)], [6,7(C)] [6,7(C)] [6,7(C)] [6,7(C)] [6,7(C)] and [6,7(C)] engaged in concerted activities with other employees for the purposes of mutual aid or protection by drafting and distributing an open letter that detailed workplace concerns (Open Letter).

(b) About [6,7(C)] 2022, Respondent discharged [6,7(C)], [6,7(C)] [6,7(C)] and [6,7(C)].

(c) About [6,7(C)] 2022, Respondent placed [6,7(C)] on administrative leave.

(d) About [6,7(C)] 2022, Respondent placed [6,7(C)] on administrative leave.

(e) About [6,7(C)] 2022, Respondent discharged [6,7(C)] and [6,7(C)].

(f) About [6,7(C)] 2022, Respondent discharged [6,7(C)].

(g) About [6,7(C)] 2022, Respondent discharged [6,7(C)].

(h) Respondent engaged in the conduct described above in paragraphs 5(b) through 5(g) because [6,7(C)], [6,7(C)] [6,7(C)] [6,7(C)] [6,7(C)] [6,7(C)] [6,7(C)] and [6,7(C)] engaged in the conduct described above in paragraph 5(a), and to discourage employees from engaging in these or other concerted activities.

/ / /

/ / /

6. About May 24, 2022, Respondent, by [6,7(C)] in a [6,7(C)] conference room on the second floor of the main building of the Hawthorne facility, interrogated an employee about the Confluence pages [6,7(C)] to address workplace concerns.

7. About [6,7(C)] 2022, Respondent, by [6,7(C)] through an email unlawfully restricted employees from distributing the Open Letter.

8. About [6,7(C)] 2022, Respondent, by [6,7(C)] in a conference room [6,7(C)] of the Hawthorne facility, disparaged employees' participation in, and the content of, the Open Letter.

9. About [6,7(C)] 2022, Respondent, by [6,7(C)], in a conference room [6,7(C)] [6,7(C)] of the Hawthorne facility, interrogated an employee about the Open Letter.

10. About [6,7(C)] 2022, Respondent, by [6,7(C)] and/or [6,7(C)] in the following locations, told employees that they were being discharged for their participation in the Open Letter:

(a) A conference room at the Hawthorne facility, and

(b) Via telephone.

11. About [6,7(C)] 2022, Respondent, by [6,7(C)] in an email to all employees announced that employees had been discharged for their involvement in the Open Letter.

12. About [6,7(C)] 2022, Respondent, by [6,7(C)] at the Hawthorne facility, made coercive statements concerning employees' protected concerted activities by disparaging the Open Letter and those employees who had participated in drafting it and by inviting employees to quit if they disagreed with the behavior of Chief Executive Officer Elon Musk.

- 5 -

13. About **6,7(C)** 2022, Respondent, by **6,7(C)** at the Hawthorne facility, told employees at a meeting that the terminated employees were discharged for their involvement with the Open Letter.

14. About **6,7(C)** 2022, Respondent, by **6,7(C)** outside of the Hawthorne facility, impliedly invited employees to quit if they wished to engage in protected concerted activities.

15. About **6,7(C)** 2022, Respondent, by **6,7(C)** outside of the Hawthorne facility, impliedly invited employees to quit if they wished to engage in protected concerted activities.

16. About **6,7(C)** 2022, Respondent, by **6,7(C)** outside of the Hawthorne facility, interrogated employees about their protected concerted activities.

17. About **6,7(C)** 2022, Respondent, by **6,7(C)** impliedly threatened employees with discharge if they continued discussion of the issues contained in the Open Letter.

18. About **6,7(C)** 2022, Respondent, by **6,7(C)** told employees during a meeting that employees were discharged for their participation in creating and distributing the Open Letter.

19. About **6,7(C)** 2022, Respondent, by **6,7(C)** in a small conference room on the first floor of the main building of the Hawthorne facility, interrogated employees about their involvement in the Open Letter and other employees' protected concerted activities.

20. About **6,7(C)** 2022, Respondent, by **6,7(C)** in a small conference room on the first floor of the main building of the Hawthorne facility, during an investigatory interview instructed an employee not to discuss the interview with anyone.

21. About [6,7(C)] 2022, Respondent, by [6,7(C)] at Respondent's facility in Redmond, Washington, interrogated employees about their protected concerted activities.

22. About [6,7(C)] 2022, Respondent, by [6,7(C)] at Respondent's facility in Redmond, Washington, by showing employees screen shots of communications between employees concerning the Open Letter created an impression among its employees that their protected concerted activities were under surveillance by Respondent.

23. About [6,7(C)] 2022, Respondent, by [6,7(C)] at Respondent's facility in Redmond, Washington, during an investigatory interview instructed an employee to not discuss the interview with anyone.

24. About [6,7(C)] 2022, Respondent, by [6,7(C)] in a small conference room on the first floor of the main building of Respondent's Hawthorne facility, interrogated employees about their involvement with the Open Letter and other protected concerted activities.

25. About [6,7(C)] 2022, Respondent, by [6,7(C)] in a small conference room on the first floor of the main building of Respondent's Hawthorne facility, by reading aloud to employees communications between employees concerning the Open Letter, created an impression among its employees that their protected concerted activities were under surveillance by Respondent.

26. About [6,7(C)] 2022, Respondent, by [6,7(C)] at the Hawthorne facility, interrogated employees about their participation in group chats and involvement with the Open Letter.

27. About [6,7(C)] 2022, Respondent, by [6,7(C)] at the Hawthorne facility, by showing employees screen shots of communications between employees concerning

the Open Letter, created an impression among its employees that their protected concerted activities were under surveillance by Respondent.

28.     About 6,7(C) 2022, Respondent, by 6,7(C) at the Hawthorne facility, during an investigatory interview instructed an employee to not discuss the interview with anyone.

29.     By the conduct described above in paragraphs 5(b) through (g) and 6 through 28, Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

30.     The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

WHEREFORE, as part of the remedy for the unfair labor practices alleged above in paragraphs 5 through 28, the General Counsel seeks an Order requiring Respondent to:

    i.    Post the notice for 120 days, including electronically posting the notice on platforms where Respondent regularly communicates with employees;

    ii.    Hold a meeting or meetings scheduled to ensure the widest possible attendance, at which Respondent's representative 6,7(C) reads the notice to the employees on worktime in the presence of a Board agent. Alternatively, the General Counsel seeks an order requiring that Respondent promptly have a Board agent read the notice to employees during worktime in the presence of Respondent's supervisors and/or agents identified above in paragraph 4. Each employee present at the meeting at which the Notice is to be read shall be provided a copy of the Notice before it is read aloud;

2024-NLFO-00683-000008

  iii. Post the Board's Explanation of Employee Rights poster for one year to ensure that employees fully understand their rights under the Act;

  iv. Within 60 days of the issuance of a Board Order, permit a Board Agent to conduct a training on the National Labor Relations Act and unfair labor practices for all management officials and supervisors employed by Respondent. This training will take place either in person or via a videoconference platform, at the General Counsel's discretion. The date, time, and manner of the training must be approved by the General Counsel. The General Counsel will determine the curriculum for the training; and

  v. Draft and send letters to each of the discriminatees named in paragraph 5 apologizing to them for their discharge and/or discipline, any hardship or distress this caused, and requiring Respondent to provide a copy of each letter to the Regional Director within 14 days of distribution.

The General Counsel further seeks all other relief as may be just and proper to remedy the unfair labor practices alleged.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the complaint. The answer must be **received by this office on or before January 17, 2024, or postmarked on or before January 16, 2024**. Respondent also must serve a copy of the answer on each of the other parties.

The answer must be filed electronically through the Agency's website. To file electronically, go to www.nlrb.gov, click on **E-File Documents**, enter the NLRB Case Number, and follow the detailed instructions. Responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that

- 9 -

the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office. However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations.  The answer may not be filed by facsimile transmission. If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the complaint are true.

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **Tuesday**, **March 05, 2024**, 9:00 a.m. at **Region 31 of the National Labor Relations Board, 11500 West Olympic Blvd, Suite 600, Los Angeles, CA 90064**, and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board.  At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this complaint.  The procedures to be followed at the hearing are

2024-NLFO-00683-000010

described in the attached Form NLRB-4668.  The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

    Dated:  January 3, 2024

*/s/ Mori Rubin*
MORI RUBIN, REGIONAL DIRECTOR
NATIONAL LABOR RELATIONS BOARD
REGION 31
11500 WEST OLYMPIC BLVD, SUITE 600
LOS ANGELES, CA 90064-1753

Attachments

FORM NLRB 4338
(6-90)

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD
**NOTICE**

Cases 31-CA-307446, et al.

The issuance of the notice of formal hearing in this case does not mean that the matter cannot be disposed of by agreement of the parties. On the contrary, it is the policy of this office to encourage voluntary adjustments. The examiner or attorney assigned to the case will be pleased to receive and to act promptly upon your suggestions or comments to this end.

An agreement between the parties, approved by the Regional Director, would serve to cancel the hearing. However, unless otherwise specifically ordered, the hearing will be held at the date, hour, and place indicated. Postponements ***will not be granted*** unless good and sufficient grounds are shown ***and*** the following requirements are met:

(1) The request must be in writing. An original and two copies must be filed with the Regional Director when appropriate under 29 CFR 102.16(a) or with the Division of Judges when appropriate under 29 CFR 102.16(b).

(2) Grounds must be set forth in ***detail***;

(3) Alternative dates for any rescheduled hearing must be given;

(4) The positions of all other parties must be ascertained in advance by the requesting party and set forth in the request; and

(5) Copies must be simultaneously served on all other parties (listed below), and that fact must be noted on the request.

Except under the most extreme conditions, no request for postponement will be granted during the three days immediately preceding the date of hearing.

| 6,7(C) |
|---|

Space Exploration Technologies Corporation
One Rocket Road
Hawthorne, CA 90250

| 6,7(C) |
|---|

Space Exploration Technologies Corporation
1030 15th Street, NW
Washington, DC 20005

Matthew A. Harper, Attorney
Morgan Lewis & Bockius LLP
1000 Louisiana St Ste 4000
Houston, TX 77002-5048

Anne Shaver, Attorney at Law
Lieff Cabraser Heimann & Bernstein LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111

Harry I. Johnson III, Attorney
Morgan, Lewis & Bockius LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109

Lauren M. Emery, Attorney
Morgan, Lewis & Bockius, LLP
110 North Wacker Drive, Suite 4800
Chicago, IL 60606-1511

Laurie M. Burgess, Attorney
Burgess Law Offices PC
498 Utah Street
San Francisco, CA 94110-1435

Form NLRB-4668
(6-2014)

# Procedures in NLRB Unfair Labor Practice Hearings

The attached complaint has scheduled a hearing that will be conducted by an administrative law judge (ALJ) of the National Labor Relations Board who will be an independent, impartial finder of facts and applicable law. **You may be represented at this hearing by an attorney or other representative**. If you are not currently represented by an attorney, and wish to have one represent you at the hearing, you should make such arrangements as soon as possible. A more complete description of the hearing process and the ALJ's role may be found at Sections 102.34, 102.35, and 102.45 of the Board's Rules and Regulations. The Board's Rules and regulations are available at the following link: www.nlrb.gov/sites/default/files/attachments/basic-page/node-1717/rules_and_regs_part_102.pdf.

The NLRB allows you to file certain documents electronically and you are encouraged to do so because it ensures that your government resources are used efficiently. To e-file go to the NLRB's website at www.nlrb.gov, click on "e-file documents," enter the 10-digit case number on the complaint (the first number if there is more than one), and follow the prompts. You will receive a confirmation number and an e-mail notification that the documents were successfully filed.

**Although this matter is set for trial, this does not mean that this matter cannot be resolved through a settlement agreement**. The NLRB recognizes that adjustments or settlements consistent with the policies of the National Labor Relations Act reduce government expenditures and promote amity in labor relations and encourages the parties to engage in settlement efforts.

## I.  BEFORE THE HEARING

The rules pertaining to the Board's pre-hearing procedures, including rules concerning filing an answer, requesting a postponement, filing other motions, and obtaining subpoenas to compel the attendance of witnesses and production of documents from other parties, may be found at Sections 102.20 through 102.32 of the Board's Rules and Regulations. In addition, you should be aware of the following:

- **Special Needs:** If you or any of the witnesses you wish to have testify at the hearing have special needs and require auxiliary aids to participate in the hearing, you should notify the Regional Director as soon as possible and request the necessary assistance. Assistance will be provided to persons who have handicaps falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.603.

- **Pre-hearing Conference:** One or more weeks before the hearing, the ALJ may conduct a telephonic prehearing conference with the parties. During the conference, the ALJ will explore whether the case may be settled, discuss the issues to be litigated and any logistical issues related to the hearing, and attempt to resolve or narrow outstanding issues, such as disputes relating to subpoenaed witnesses and documents. This conference is usually not recorded, but during the hearing the ALJ or the parties sometimes refer to discussions at the pre-hearing conference. You do not have to wait until the prehearing conference to meet with the other parties to discuss settling this case or any other issues.

## II.  DURING THE HEARING

The rules pertaining to the Board's hearing procedures are found at Sections 102.34 through 102.43 of the Board's Rules and Regulations. Please note in particular the following:

- **Witnesses and Evidence**: At the hearing, you will have the right to call, examine, and cross-examine witnesses and to introduce into the record documents and other evidence.

- **Exhibits: Each exhibit offered in evidence must be provided in duplicate to the court reporter and a copy of each of each exhibit should be supplied to the ALJ and each party when the exhibit is offered in evidence.** If a copy of any exhibit is not available when the original is received, it will be the responsibility of the party offering such exhibit to submit the copy to the ALJ before the close of hearing.

(OVER)

Form NLRB-4668
(6-2014)

If a copy is not submitted, and the filing has not been waived by the ALJ, any ruling receiving the exhibit may be rescinded and the exhibit rejected.

- **Transcripts**: An official court reporter will make the only official transcript of the proceedings, and all citations in briefs and arguments must refer to the official record. The Board will not certify any transcript other than the official transcript for use in any court litigation. Proposed corrections of the transcript should be submitted, either by way of stipulation or motion, to the ALJ for approval. Everything said at the hearing while the hearing is in session will be recorded by the official reporter unless the ALJ specifically directs off-the-record discussion. If any party wishes to make off-the-record statements, a request to go off the record should be directed to the ALJ.

- **Oral Argument:** You are entitled, on request, to a reasonable period of time at the close of the hearing for oral argument, which shall be included in the transcript of the hearing. Alternatively, the ALJ may ask for oral argument if, at the close of the hearing, if it is believed that such argument would be beneficial to the understanding of the contentions of the parties and the factual issues involved.

- **Date for Filing Post-Hearing Brief**: Before the hearing closes, you may request to file a written brief or proposed findings and conclusions, or both, with the ALJ. The ALJ has the discretion to grant this request and to will set a deadline for filing, up to 35 days.

## III.  AFTER THE HEARING

The Rules pertaining to filing post-hearing briefs and the procedures after the ALJ issues a decision are found at Sections 102.42 through 102.48 of the Board's Rules and Regulations. Please note in particular the following:

- **Extension of Time for Filing Brief with the ALJ:**  If you need an extension of time to file a post-hearing brief, you must follow Section 102.42 of the Board's Rules and Regulations, which requires you to file a request with the appropriate chief or associate chief administrative law judge, depending on where the trial occurred. You must immediately serve a copy of any request for an extension of time on all other parties and furnish proof of that service with your request. You are encouraged to seek the agreement of the other parties and state their positions in your request.

- **ALJ's Decision:**  In due course, the ALJ will prepare and file with the Board a decision in this matter. Upon receipt of this decision, the Board will enter an order transferring the case to the Board and specifying when exceptions are due to the ALJ's decision. The Board will serve copies of that order and the ALJ's decision on all parties.

- **Exceptions to the ALJ's Decision**: The procedure to be followed with respect to appealing all or any part of the ALJ's decision (by filing exceptions with the Board), submitting briefs, requests for oral argument before the Board, and related matters is set forth in the Board's Rules and Regulations, particularly in Section 102.46 and following sections. A summary of the more pertinent of these provisions will be provided to the parties with the order transferring the matter to the Board.