UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> Plaintiff, <br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, *et al.*, <br><br> Defendants. | Case No. 24-cv-0001 |

**DEFENDANTS' MOTION TO EXPEDITE BRIEFING ON DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C § 1406(a) AND § 1404(a)**

Defendants respectfully submit this motion to expedite briefing on Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406(a) and § 1404(a). In support of this motion, Defendants show as follows:

1. On January 4, 2024, Plaintiff Space Exploration Technologies Corp. ("SpaceX") filed with this Court a Complaint for Declaratory and Injunctive Relief against Defendants. [ECF No. 1.]

2. On January 11, Defendants filed a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406(a) and § 1404(a) ("Motion to Transfer"), requesting that this Court transfer this action in the interest of justice to the Central District of California. [ECF No. 29.]

3. The following day, Plaintiff filed a Motion for Preliminary Injunction [ECF No. 37], seeking to enjoin the NLRB's ongoing administrative proceedings. An administrative hearing is scheduled for March 5 in Los Angeles, regarding unfair labor practice charges filed by or on behalf of eight individual discharged employees who reported to or were supervised by

1

managers at SpaceX's facility located at 1 Rocket Road, Hawthorne, California. Seven of those employees worked in California; one worked remotely from Washington State and reported to managers at the Hawthorne facility.

4. As explained fully in Defendants' Motion to Transfer, venue is improper in this Court because no party resides in this district and there is no substantial connection between the conduct in Plaintiff's Complaint and this venue. [ECF No. 29 p. 6-7.]

5. Even assuming arguendo that venue is proper in this Court, the Central District of California is a more appropriate venue and transfer to that district is in the interest of justice. *See* 28 U.S.C. § 1404(a). [ECF No. 29 p. 15-19.]

6. Pursuant to Judge Olvera's civil procedures, Plaintiff is required to file a response to Defendants' Motion to Transfer by February 1, and Defendants' reply is due ten days later. Plaintiff can then file a surreply ten days after Defendants' reply. The same rules dictate that Defendants' opposition to Plaintiff's Motion for Preliminary Injunction is due February 2, with the same ten-day periods covering any subsequent reply and surreply. *See* Judge Olvera's Civil Procedures/Local Rules at Paragraph 6(C)(2), (D). Thus, under the default procedures, Defendants' Motion to Transfer might not be fully briefed until February 22, 2024, just twelve days before the scheduled administrative hearing.

7. Expedited briefing would preserve both the parties' and this Court's resources because it would allow this Court to promptly determine whether this matter should be transferred before turning to Plaintiff's Motion for a Preliminary Injunction. *See* S. D. Tex. Loc. R. 7.8 ("The Court may in its discretion, on its own motion or upon application, entertain and decide any motion, [and] shorten or extend time periods").

8. Unlike the Preliminary Injunction motion, Defendants' Motion to Transfer does not require analysis of novel, complex constitutional challenges to an agency whose constitutionality was affirmed many decades ago. *See NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 48-49 (1937). And pursuant to the longstanding rule of constitutional avoidance, this Court should avoid constitutional questions "if there is also present some other ground upon which the case may be disposed of." *Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 347 (1936).

9. Moreover, if this Court were to transfer this case only after the matter is fully briefed under the default schedule (with any final surreply due as late as February 22), then the transferee court would have little time to decide any new preliminary injunction motion filed by Plaintiff there, in advance of the March 5 hearing. Indeed, as Plaintiff acknowledged just this past Friday in a filing with the NLRB, "if the transfer motion is granted, that will result in further delay while the new court gets up to speed on the case and the complex constitutional issues." [ECF No. 37-4.] Thus, an expedited schedule would provide the transferee court a reasonable opportunity to rule on such a motion prior to March 5.

10. Defendants accordingly ask this Court to expedite the briefing schedule on Defendants' Motion to Transfer, so that the parties' deadlines are as follows:

- Plaintiff's response in opposition to Motion to Transfer: January 22;
- Defendants' reply: within 7 days of filing of Plaintiff's opposition; and
- Plaintiff's surreply: within 7 days of filing of Defendants' reply.

11. Defendants conferred via email with Plaintiff's counsel on January 16 regarding SpaceX's position on the proposed expedited schedule. SpaceX does not consent, absent expedition of the briefing on its Motion for a Preliminary Injunction. Defendants do not agree to Plaintiff's request.

12. A proposed order granting the requested expedited schedule is attached as Exhibit A.

                                                                                 Respectfully submitted,

| | |
|---|---|
| ALAMDAR S. HAMDANI<br>*United States Attorney*<br>*Southern District of Texas* | NATIONAL LABOR RELATIONS BOARD<br>*Contempt, Compliance, and*<br>  *Special Litigation Branch* |
| By: <u>Bejamin S. Lyles</u><br>BENJAMIN S. LYLES<br>*Assistant United States Attorney*<br>S.D. Tex. ID No. 3062156<br>State Bar No. 24094808<br>1701 W. Bus. Highway 83, Suite 600<br>McAllen, TX 78501<br>Telephone: (956) 618-8010<br>Facsimile: (956) 618-8016<br>E-mail: Benjamin.Lyles@usdoj.gov<br>*Attorney-in-Charge for Defendants*<br><br>Dated this 16th day of January, 2024. | KEVIN P. FLANAGAN<br>*Deputy Assistant General Counsel*<br><br>DANIEL BRASIL BECKER<br>*Trial Attorney*<br><br>GRACE L. PEZZELLA<br>*Trial Attorney*<br><br>s/*David P. Boehm*<br>DAVID P. BOEHM<br>*Trial Attorney*<br>D.C. Bar No. 1033755 – *pro hac vice*<br>1015 Half Street, S.E. - 4th Floor<br>Washington, DC 20003<br>Telephone: (202) 273-4202<br>Email: David.boehm@nlrb.gov |