## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

|  |  |
|---|---|
| **SPACE EXPLORATION TECHNOLOGIES CORP.,**<br><br>  **Plaintiff,**<br><br>   **v.**<br><br>**NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,**<br><br>  **Defendants.** | Civil Action No. 1:24-cv-00001 |

**PLAINTIFF SPACEX'S SURREPLY IN SUPPORT OF ITS OPPOSITION TO MOTION TO EXPEDITE BRIEFING ON DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C § 1406(a) AND § 1404(a) OR, IN THE ALTERNATIVE, PLAINTIFF'S REQUEST TO RECIPROCALLY EXPEDITE PRELIMINARY INJUNCTION BRIEFING**

Defendants' Reply (Dkt. No. 54) is most notable for its complete failure to offer support for the relief they are seeking: highly expedited briefing on their transfer motion. Defendants' Motion to Expedite originally cited the impending March 5, 2024 administrative hearing date as their reason to expedite the briefing schedule—until SpaceX pointed out that Defendants can unilaterally solve that issue on their own. Defendants now backpedal and try to explain why they do not want to move that date. But their explanations do not undermine SpaceX's point that the supposed grounds for the Motion to Expedite are wholly within Defendants' control. Defendants

clearly want this Court to decide the transfer motion before deciding the preliminary injunction motion.  But the crucial point at this juncture is that expedited briefing is entirely unnecessary for the Court to decide the motions in the order it deems best.

While the lack of justification for the Motion to Expedite is reason enough to deny it, the prejudice that would result provides a compelling additional reason.  As SpaceX's Opposition (Dkt. No. 49) explains, it would be extremely difficult for SpaceX to prepare and file a potential 20-page opposition and accompanying declaratory evidence by Monday, January 22, 2024—*i.e.*, one business day from today.  That is especially true when Defendants provided no warning of such an expedited schedule until three days ago, on Tuesday, January 16, despite having filed their motion to transfer on Thursday, January 11, and only after having previously told SpaceX that Defendants would be trying to *postpone their own obligation* to respond to the preliminary injunction motion.  *See generally* Dkt. 49-1 (Eschbach Declaration).  Defendants' suggestion (Reply 4 n.4) that SpaceX should have anticipated this highly rushed schedule is ludicrous when Defendants had previously conveyed that they would be trying to extend the schedule for the preliminary injunction motion—in other words, the opposite of their current strategy of trying to accelerate the schedule for the transfer motion.

SpaceX worked around the clock to quickly submit its Opposition to the Motion to Expedite the very next day, on Wednesday, January 17.  The government then waited until midday on Friday, January 19—again, the business day before SpaceX would have to file its opposition to transfer were this Court to grant the Motion to Expedite—to submit additional briefing raising new issues.  The Reply does not contest that it will be extremely challenging for SpaceX and its counsel to get an opposition to transfer and all declaratory evidence on file under Defendants' proposed deadline.  SpaceX and its counsel are still in the process of trying to gather declaratory evidence

from SpaceX's personnel and, given the lateness of Defendants' request, now have very little time to complete that process, if this Court grants the Motion to Expedite.  Maybe that is part of Defendants' strategy.  They certainly offer no explanation for the lateness of their requests or justification for putting such burdens on SpaceX.  They did not style their Motion to Expedite as an emergency motion, perhaps because there is no emergency—only a ploy to get their transfer motion to the front of the line and create hardship for their opponent.  Defendants are not willing to expedite their own briefing,[1] and SpaceX should not have to do so either.

Defendants' Reply makes a few misleading claims that deserve correction.  First, Defendants suggest that changing the scheduled administrative hearing date is beyond Defendants' control because the Regional Director "is the official with the authority to reschedule the administrative hearing."  Reply 4.  This argument is meritless because the General Counsel—who is a Defendant here—has supervisory authority over the Regional Director.  *See* 29 U.S.C. § 153(d);  *National Labor Relations Board—Organization and Functions* § 202, https://www.nlrb.gov/sites/default/files/attachments/basic-page/node-1717/organdfunctions.pdf.  And, regardless, the NLRB Regional Director is an employee and agent of the NLRB and her act of denying the request is the NLRB's.[2]  If Defendants wanted the Regional Director to postpone the hearing, they could easily accomplish that goal.

---

[1] SpaceX did not "renege" on its position on expedited briefing.  Defendants filed a motion that seeks to dramatically change the anticipated scheduling in this case and thus required SpaceX move for the alternative relief to preserve its rights.

[2] Nor is there any indication that the Regional Director would have denied an extension had Defendants supported it.  Though it is true that the Regional Director denied SpaceX's *opposed* motion move the hearing date, that does not mean the Regional Director would reach the same decision if the NLRB General Counsel *consented* to the motion or made her own motion for an extension.

Second, Defendants suggest that the preliminary injunction briefing is irrelevant to the motion to transfer.  Defendants cannot deny, however, that the identity of the witnesses implicated in this action is relevant to the transfer analysis; after all, Defendants argued in their transfer motion that the parties who filed the administrative charges against SpaceX could be witnesses in this case, *see* Dkt. No. 29, at 16.  Whether that speculation is correct remains to be seen, and intervening events have already started proving it false.  Proposed Intervenors recently filed motion to seal representing that "this is not a lawsuit on the merits of the NLRB's charges against SpaceX; this is a wholly separate constitutional challenge to the NLRB's operations, where the identities of the underlying charging parties are irrelevant."  Dkt. No. 46, at 5.  The Court will have a far better sense of the location of the potential witnesses in this action after seeing the parties' preliminary injunction submissions.

Third, the Reply suggests that this Court would commit "reversible error" if it resolved the preliminary injunction motion before the transfer motion.  Reply 1.  SpaceX will more fully respond to this claim in its forthcoming opposition to transfer.  For now, the key point is that Defendants do not contest that, at a minimum, this Court has discretion to consider both motions simultaneously.  *See* Reply 2-3 ("The bottom line here is that, at minimum, courts possess discretion to decide venue as a threshold issue.").  Although Defendants have made clear their ulterior motive of predetermining the order in which this Court considers the motions, that decision should be for this Court to decide once it has the parties' briefing in hand—particularly given the complete absence of any justification in either the Motion to Expedite or the Reply to speed up briefing on the transfer motion alone.

## **CONCLUSION**

For these reasons and those in SpaceX's Opposition, this Court should deny Defendants'

Motion to Expedite the briefing on Defendants' motion to transfer venue or, alternatively, should

issue reciprocal expedited briefing on the motion for preliminary injunction.


Dated: January 19, 2024                    Respectfully submitted,

                                           By:    *s/ Catherine L. Eschbach*

                                           **MORGAN LEWIS & BOCKIUS LLP**
                                           Catherine L. Eschbach
                                           Attorney-in-Charge
                                           1000 Louisiana Street, Suite 4000
                                           Houston, TX 77002-50006
                                           catherine.eschbach@morganlewis.com
                                           (713) 890-5719

                                           Harry I. Johnson, III (*pro hac vice*)
                                           2049 Century Park East, Suite 700
                                           Los Angeles, CA 90067-3109
                                           (310) 907-1000

                                           Michael E. Kenneally (*pro hac vice*)
                                           Amanda L. Salz (*pro hac vice*)
                                           1111 Pennsylvania Avenue, N.W.
                                           Washington, DC  20004-2541
                                           michael.kenneally@morganlewis.com
                                           amanda.salz@morganlewis.com
                                           (202) 739-3000

                                           *Attorneys for Space Exploration Technologies Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to all parties of record.

<u>s/ *Catherine L. Eschbach*</u>
Catherine L. Eschbach