# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board, <br><br> Defendants. | Case No. 1:24-cv-00001 |

**UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF**

2936962.1

## ISSUE IN DISPUTE

Proposed amicus curiae, Tom Moline, Scott Beck, Deborah Lawrence, and Paige Holland-Thielen (hereinafter "Charging Parties"), respectfully requests leave to file the attached "Motion to Transfer Venue" (previously submitted at ECF 18-1) as an amicus brief in support of Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406(a) and 1404(a). ECF 29. Charging Parties have contacted the parties in this matter; Plaintiff does not oppose their participation as amicus curiae in this matter, and Defendants consent.

There is no Federal Rule of Civil Procedure or Local Rule that controls motions for leave to appear as amicus curiae in this Court. However, "the Court has discretion to consider amicus briefing where the proffered information is timely and useful or otherwise necessary to the administration of justice." *Does 1-7 v. Round Rock Indep. Sch. Dist.*, 540 F. Supp. 2d 735, 738 n.2 (W.D. Tex. 2007) (quotation marks and citation omitted); *see also Cina v. Cemex, Inc.*, No. 4:23-CV-00117, 2023 WL 5493814, at *1 (S.D. Tex. Aug. 17, 2023) (same). The role of amici is to assist the court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991). Charging Parties submit that their submission is timely and useful to the Court.

## ARGUMENT

Charging Parties are four of the eight individuals whose terminations from SpaceX are at issue in the hearing set for proceeding on March 5, 2024 in Los Angeles, California. They possess unique information that will aid the Court's adjudication of the matter of venue and have a compelling interest in having this matter heard in their home state, California.

The Charging Parties' amicus brief (previously styled as Motion to Transfer Venue, see ECF 18-1) presents facts supported by sworn declarations from the Charging Parties and their counsel speaking to matters critical to the venue determination: the location of parties and witnesses, the access to source of proof, the place of the alleged wrongdoing, and the local interest in having localized interest decided at home, among others. *See Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 789 (S.D. Tex. 2005) (citing *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004)). This information is "timely and useful," *Does*, 540 F. Supp. 2d at n.2, and will materially assist the Court.

SpaceX acknowledges that on the issue of venue the Charging Parties' "appropriate role is that of amici." ECF 60 at 15. As stated in their reply withdrawing their Motion to Intervene, while Charging Parties think they satisfy the standards for intervention, their overriding interest is in the Court deciding the preliminary matter of venue as expediently as possible, and therefore accept a role as amici to remove the contested matter of intervention from the Court's docket. As SpaceX acknowledged, "[b]ecause the intervention, transfer, and preliminary injunction motions are all moving forward along similar schedules, it is conceivable and even likely that the Court will not have a chance to rule on the Motion to Intervene until the other motions are fully briefed." ECF 60 at 13.

## CONCLUSION

For the foregoing reasons, Charging Parties respectfully request that this Court GRANT their Motion for leave to file a brief as *amicus curiae* in support of Defendants' Motion to Transfer Venue to the Central District of California.

Dated: February 2, 2024            Respectfully submitted,

/s/ Anne B. Shaver
Anne B. Shaver
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000
Fax: (415) 956-1008
ashaver@lchb.com

Laurie M. Burgess
BURGESS LAW OFFICES, P.C.
498 Utah Street
San Francisco, CA 94110
Phone: (312) 320-1718
lburgess@burgess-laborlaw.com

*Counsel for Charging Parties*

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(d), I hereby certify that on January 31, 2024, I conferred with counsel for the Plaintiff via email, who represented that Plaintiff does not oppose this motion. On February 1, 2024, co-counsel conferred with counsel for the Defendants via telephone, who represented that Defendants consent to this motion.

                                       */s/ Anne B. Shaver*
                                       Anne B. Shaver

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

*/s/ Anne B. Shaver*
Anne B. Shaver

2936962.1