UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> **Plaintiff,** <br><br> v. <br><br> **NATIONAL LABOR RELATIONS BOARD**, a federal administrative agency, **JENNIFER ABRUZZO**, in her official capacity as the General Counsel of the National Labor Relations Board, **LAUREN M. McFERRAN**, in her official capacity as the Chairman of the National Labor Relations Board, **MARVIN E. KAPLAN, GWYNNE A. WILCOX**, and **DAVID M. PROUTY**, in their official capacities as Board Members of the National Labor Relations Board, and **JOHN DOE** in his official capacity as an Administrative Law Judge of the National Labor Relations Board, <br><br> **Defendants.** | Civil Action No. 1:24-cv-00001 |

**PLAINTIFF SPACEX'S RESPONSE TO DEFENDANTS' MOTION TO SEAL AND TO FILE REDACTED PUBLIC COPY (DKT. NO. 35) AND PROPOSED INTERVENORS' MOTION TO REDACT EXHIBIT (DKT. NO. 46)**

Given the Fifth Circuit's command that judges and litigants must act to "zealously guard the public's right of access to judicial records," *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021), Plaintiff Space Exploration Technologies Corp. ("SpaceX") submits the following response to the Defendants' Motion to Seal (Dkt. No. 35) and Proposed Intervenors' Motion for a Protective Order (Dkt. No. 46) by first setting forth the relevant, governing Fifth Circuit law.[1]

---

[1] This response refers to "Proposed Intervenors" given the title of their filing, but today they withdrew their motion to intervene. *See* Dkt. No. 65.

"Judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le*, 990 F.3d at 417. "The public's right of access to judicial records is a fundamental element of the rule of law." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (quoting *Leopold v. United States*, 964 F.3d 1121, 1123 (D.C. Cir. 2020)). "The public has an interest in transparent court proceedings that is independent of the parties' interests." *Id.* (citing *In re Gee*, 2019 WL 13067384, at *4 (5th Cir. Nov. 27, 2019) (Elrod, J., concurring) (emphasis omitted)). For this reason, the Fifth Circuit has staked out an especially strong position that, "sealing information placed in the judicial record" is "heavily disfavored." *Id.* District courts are instructed to "be ungenerous with their discretion to seal judicial records," and "the working presumption is that judicial records should not be sealed" even if the parties otherwise agree. *Binh Hoa Le*, 990 F.3d at 418–19, 421. Before an order granting a motion to seal can issue, "judges, not litigants must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* (internal citations and quotation marks omitted). Not only must an order to seal information contain "a level of detail that will allow for [appellate] review," but a trial court abuses its discretion if it "makes no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing." *Id.* And, even if a court believes there is good cause to seal in a particular matter, if the information is "publicly available" it still "cannot be sealed." *See June Med. Servs.*, 22 F.4th at 520.

Sometime after this action was filed on January 4, 2024, and sometime before the Defendants filed their motion to transfer venue on January 11, 2024, Proposed Intervenors represented "to Defendants' counsel that they intend to file a motion seeking a protective order

with this Court, in order to preserve their clients' privacy and security concerns."[2] Defendants' Mot. to Seal 2. The alleged good cause set forth in the Defendants' motion is supposed privacy concerns and a "prefer[ence] to remain anonymous" by certain of the Charging Parties in the NLRB proceeding. Defendants' Mot. to Seal 2. Defendants seek redactions consistent with those contained in the publicly available version of the administrative complaint on the NLRB's website, which is "substantially redacted pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)."[3] *Id.*

On January 17, 2024, Proposed Intervenors moved for a protective order, but which seeks to redact only the names of four of the Charging Parties from the administrative complaint. Proposed Intervenors' Mot. for Protective Order 6. The FOIA-redacted public version on the NLRB website, on the other hand, redacts substantially more information, including the names of all Charging Parties and SpaceX personnel discussed in the complaint. *See* Dkt. No. 19-2 (FOIA-redacted version of administrative complaint); Dkt. No. 37-4 (same).

---

[2] It is unclear when or how Proposed Intervenors and their counsel made this representation, or what prompted Proposed Intervenors to contact the Defendants about filing the administrative complaint under seal prior to the Defendants' motion to transfer being filed on January 11, 2024. Proposed Intervenors' counsel did not reach out to SpaceX's counsel about filing a redacted version of the administrative complaint until an email on January 16, 2024, regarding Proposed Intervenors' separate motion for a protective order. Proposed Intervenors' Mot. for Protective Order 7 (certificate of conference). Proposed Intervenors did not represent in their Motion to Intervene (Dkt. No. 17) they would file a motion to seal or redact the administrative complaint, or in any other public filing on the docket of which SpaceX is aware, prior to Defendant's January 11 motion to transfer.

[3] SpaceX's understanding is that redacting any charging party's name in an NLRB administrative complaint is unusual and represents a deviation from typical NLRB practices. The NLRB Freedom of Information Act ("FOIA") Manual, for example, indicates that when a copy of a complaint is requested under the FOIA, the entire document should be disclosed. *See* NLRB FOIA Manual, at 189, 192 (Oct. 2011), https://www.nlrb.gov/sites/default/files/attachments/pages/node-174/foia-manual0.pdf.

The names of the SpaceX employees, which were redacted in the public NLRB FOIA-version had already been injected into the public domain at the time SpaceX filed this action on January 4, 2024.[4] Media had obtained by January 3, 2024, a non-public version of the NLRB complaint that redacted only the names of five of the Charging Parties and published that version in coverage of the NLRB's complaint against SpaceX. The redactions in that version are almost identical to Proposed Intervenors' requested redactions in this case.[5] As the identities of SpaceX's personnel were in the public domain when this suit was filed, the only question that remains for this Court is whether there is good cause to overcome the strong presumption of open judicial records and let four of the Charging Parties remain anonymous.

Proposed Intervenors claim there is good cause for the four Charging Parties to remain anonymous because of alleged concerns about doxing and harassment given the publicity regarding this case. But that publicity has, at least in part, been driven by their counsel and other of the Charging Parties. For example, the New York Times did a profile last summer featuring two of the Charging Parties, Paige Holland-Thielen and Tom Moline. *See* Noam Schieber & Ryan Mac, *SpaceX Employees Say They Were Fired for Speaking Up About Elon Musk*, New York Times (June 20, 2023), https://www.nytimes.com/2022/11/17/business/spacex-workers-elon-musk.html.[6] If the Charging Parties had some concrete basis for fearing harassment and doxing, the motion for a protective order would presumably contain evidence that the two Charging Parties

---

[4] *See, e.g.*, Beverly Banks, *SpaceX Unlawfully Fired Critics Of Musk, NLRB Attys Say*, Law360 (January 3, 2024) https://www.law360.com/employment-authority/articles/1781907; *see also* https://www.law360.com/employment-authority/articles/1781907/attachments/0 (version of NLRB complaint accompanying Law360 story on January 3, 2024 with significantly less redactions than the FOIA-redacted version available to the public on the NLRB's website).

[5] At this point, only four of the Charging Parties seek to remain anonymous, but in the version provided to the media on January 3, 2024, five of the Charging Parties' names were redacted.

[6] SpaceX, conversely, has made no public statements about this case or any underlying facts.

4

who received a prominent, high-profile *New York Times* feature last summer have experienced such issues. Instead, there is simply conjecture and speculation, unconnected from any experience of the publicly named Charging Parties.

Given the above, it is doubtful that Defendants and Proposed Intervenors have met their very high burden to show good cause to keep the names of four of the Charging Parties anonymous. This Court must ultimately determine how the strong presumption of the public's right of access to judicial records weighs against the Defendants' and Proposed Intervenors' request.

That said, the Charging Parties, their identities, and their interests are utterly irrelevant to any issue before this Court—be it what venue this constitutional challenge will be heard in or the merits of the constitutional claims set forth in SpaceX's complaint. For that reason alone, SpaceX does not oppose the Motion to Seal and the Motion for Protective Order.[7]

## CONCLUSION

Although SpaceX does not necessarily oppose redacting the names of the four purportedly anonymous Charging Parties given their lack of relevance to this action, in deciding the instant motions this Court must act to preserve the public's interest in open court proceedings and government transparency independent of the interested parties' positions on sealing the names of the four Charging Parties in this action.

---

[7] Should this Court disagree with SpaceX and find the four Charging Parties seeking to remain anonymous are somehow relevant to or potential witnesses in this federal litigation, SpaceX would oppose them proceeding anonymously. To do so would be problematic both as a practical matter and as a matter of judicial and executive branch transparency.

5

Dated: February 2, 2024                                  Respectfully submitted,

                                                         By:     *s/ Catherine L. Eschbach*

**ROERIG, OLIVEIRA & FISHER, L.L.P.**                    **MORGAN LEWIS & BOCKIUS LLP**
David G. Oliveira                                        Catherine L. Eschbach
10225 N. Tenth Street                                    Attorney-in-Charge
McAllen, TX 78504                                        1000 Louisiana Street, Suite 4000
doliveira@rofllp.com                                     Houston, TX 77002-50006
(956) 393-6300                                           catherine.eschbach@morganlewis.com
                                                         (713) 890-5719

                                                         Harry I. Johnson, III (*pro hac vice*)
                                                         2049 Century Park East, Suite 700
                                                         Los Angeles, CA 90067-3109
                                                         harry.johnson@morganlewis.com
                                                         (310) 907-1000

                                                         Michael E. Kenneally (*pro hac vice*)
                                                         Amanda L. Salz (*pro hac vice*)
                                                         1111 Pennsylvania Avenue, N.W.
                                                         Washington, DC  20004-2541
                                                         michael.kenneally@morganlewis.com
                                                         amanda.salz@morganlewis.com
                                                         (202) 739-3000

                                                         *Attorneys for Space Exploration Technologies Corp.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on February 2, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to all parties of record.

s/ *Catherine L. Eschbach*
Catherine L. Eschbach
