Case 2:24-cv-01352-CBM-AGR Document 76 Filed 02/07/24 Page 1 of 2 Page ID #:884

United States District Court
Southern District of Texas
**ENTERED**
February 07, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., Plaintiff, | § § § § |
| v. | §   Civil Action No. 1:24-cv-00001 |
| NATIONAL LABOR RELATIONS BOARD ET AL., Defendants. | § § § § § |

**ORDER DENYING DEFENDANTS' MOTION TO EXPEDITE DEADLINE**

Before the Court is Defendants' "Motion to Expedite Briefing on Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406(a) and § 1404(a)" (Dkt. No. 44) ("Motion to Expedite"), Plaintiff's "Opposition to Motion to Expedite Briefing on Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C § 1406(a) and § 1404(a) or, in the Alternative, Plaintiff's Request to Reciprocally Expedite Preliminary Injunction Briefing" (Dkt. No. 49) ("Response"), Defendants' "Reply to Plaintiff's Opposition to Motion to Expedite Briefing on Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406(a) and § 1404(a)" (Dkt. No. 54) ("Reply"), and Plaintiff's "Surreply in Support of Its Opposition to Motion to Expedite Briefing on Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406(a) and § 1404(a) or, in the Alternative, Plaintiff's Request to Reciprocally Expedite Preliminary Injunction Briefing" (Dkt. No. 56) ("Surreply").

For the following reasons, Defendants' Motion to Expedite (Dkt. No. 44) is **DENIED**.

### I. BACKGROUND

This action pertains to an administrative proceeding before Defendant National Labor Relations Board ("NLRB") involving Plaintiff. Dkt. No. 1 at 9. Plaintiff claims that the proceeding and the structure of the NLRB are unconstitutional. *See id.* at 10–23.

On January 10, 2024, Defendants filed "Motion of Defendants to Transfer Venue Pursuant to 28 U.S.C. § 1406(a) and § 1404(a)" (Dkt. No. 29) ("Motion to Transfer"). The next day, on January 11, 2024, Plaintiff filed its "Motion for a Preliminary Injunction" (Dkt. No. 37) ("Motion for Preliminary Injunction"). On January 16, 2024, Defendants filed their opposed

Motion to Expedite, seeking to shorten the parties' deadlines for briefing on its Motion to Transfer. *See* Dkt. No. 44.

## II. LEGAL STANDARD

District courts are vested with the power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962). But the Fifth Circuit has noted that "when these inherent powers are invoked, they must be exercised with 'restraint and discretion.'" *Woodson v. Surgitek*, 57 F.3d 1406, 1417 (5th Cir. 1995) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).

The Court's Local Rules state that parties are allowed 21 days from the date a motion was filed to respond to an opposed motion. LR 6(C). Parties then are allotted 10 days from the filing of a response or reply to file a reply or surreply, respectively. *Id.* at 6(D).

## III. DISCUSSION

Defendants' proposed deadline for Plaintiff's response to its Motion to Transfer has now passed. In any event, the Court is satisfied that the relevant briefing deadlines need not be expedited. Plaintiff raises the valid concern that expedited briefing would not allow it the time necessary to gather planned declaratory evidence in support of its response to the Motion to Transfer. Dkt. No. 49 at 2. Even if the Motion to Transfer involves a lower level of complexity, Plaintiff is allowed 21 days to gather evidence and respond.

While the Court recognizes Defendants' interest in timely resolution of its Motion to Transfer, this interest does not compel the use of judicial discretion to deviate from the Court's Local Rules when doing so would put undue pressure on Plaintiff.

## IV. CONCLUSION

For these reasons, Defendant's Motion to Expedite (Dkt. No. 44) is **DENIED**.

Signed on this 7th day of February 2024.

Rolando Olvera
United States District Judge

2