EXHIBIT A

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 31

| | | | |
|---|---|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP. | | | |
| and | | Cases | 31-CA-307446<br>31-CA-307532<br>31-CA-307539<br>31-CA-307546<br>31-CA-307551<br>31-CA-307555 |
| 6,7(C) | | | |
| and | | Case | 31-CA-307514 |
| 6,7(C) | an Individual | | |
| and | | Case | 31-CA-307525 |
| 6,7(C) | an Individual | | |

## RESPONDENT SPACE EXPLORATION TECHNOLOGIES CORP.'S ANSWER TO COMPLAINT

Pursuant to Sections 102.20 and 102.21 of the Rules and Regulations of the National Labor Relations Board ("NLRB" or "Board"), Space Exploration Technologies Corp. ("SpaceX" or "Respondent"), through its undersigned counsel, submits the following answer to the Complaint and Notice of Hearing ("Complaint") according to the Complaint's numbered paragraphs. SpaceX disputes that it is subject to the NLRA and the Board's jurisdiction, because at all relevant times, SpaceX operated as a covered "carrier" as defined in Title II of the Railway Labor Act ("RLA"), and therefore, is subject to the dispute resolution provisions of the RLA, not the NLRA. *See* 29 U.S.C. § 152(2). SpaceX also disputes the constitutionality of this action proceeding forward in any fashion. *See Space Exploration Technologies Corp. v. National Labor Relations Board et al.*, Case 1:24-cv-00001 (S.D. Tex.) (filed January 4, 2024). In filing this Answer, SpaceX does not

2024-NLFO-00866-000001

concede that it is subject to the NLRA or the Board's jurisdiction, that these proceedings are constitutional, nor is SpaceX consenting to the Board's jurisdiction.

To the extent the Complaint's introduction contains allegations and legal conclusions, SpaceX denies each and every one of these allegations and legal conclusions.

1.  SpaceX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies them, except to admit that SpaceX received a copy of the charges and amended charges in Cases 31-CA-307446, 31-CA-307514, 31-CA-307525, 31-CA-307532, 31-CA-307539, 31-CA-307546, 31-CA-307551, and 31-CA-307555.

2.  (a) Admitted.

    (b) Admitted.

    (c) Admitted.

    (d) Admitted.

3.  This paragraph states a legal conclusion to which no answer is required. To the extent a response is required, SpaceX denies this allegation, because, at all relevant times, SpaceX operated as a covered "carrier" as defined in Title II of the RLA.

4.  Paragraph 4 of the Complaint sets forth legal conclusions to which no response is necessary. To the extent a response is required, SpaceX admits that the individuals listed in Paragraph 4 of the Complaint have held the alleged job titles and been supervisors of SpaceX within the meaning of Section 2(11) of the Act, with the following corrections:

- [6,7(C)] job title is, and all material times was, [6,7(C)] [6,7(C)]
- [6,7(C)] name is [6,7(C)]

- [6,7(C)] job title is, and at all material times was, [6,7(C)] [6,7(C)]
- At all material times, [6,7(C)] job title was [6,7(C)]
- At all material times, [6,7(C)] job title was [6,7(C)] [6,7(C)]

SpaceX denies each and every other allegation and legal conclusion contained in this paragraph.

5. (a) SpaceX admits only that [6,7(C)] [6,7(C)] repeatedly distributed a document they named "An open letter to the Executives of SpaceX" (hereinafter, "Open Letter") and that [6,7(C)] had a role in earlier drafting the Open Letter. SpaceX lacks sufficient information to respond to the further alleged role of individuals concerning the Open Letter beyond the above, and, on that basis, denies such allegations. SpaceX denies each and every other allegation and legal conclusion contained in this paragraph.

   (b) Admitted.

   (c) Admitted.

   (d) Admitted.

   (e) Admitted.

   (f) Admitted.

   (g) Admitted.

   (h) Denied. SpaceX denies each and every allegation and legal conclusion contained in this paragraph.

3

6. SpaceX admits that, on or about May 24, 2022, [6,7(C)] met with an individual. SpaceX denies each and every other allegation and legal conclusion contained in this paragraph.

7. SpaceX admits that [6,7(C)] sent an email regarding the Open Letter on or about [6,7(C)] 2022. SpaceX denies each and every other allegation and legal conclusion contained in this paragraph.

8. This paragraph states a legal conclusion to which no answer is required. To the extent a response is required, SpaceX denies each and every allegation and legal conclusion contained in this paragraph.

9. This paragraph states a legal conclusion to which no answer is required. To the extent a response is required, SpaceX denies each and every allegation and legal conclusion contained in this paragraph.

10. On or about [6,7(C)] 2022, SpaceX informed [6,7(C)] [6,7(C)] of their discharge. SpaceX denies each and every other allegation and legal conclusion contained in this paragraph, and its two subparagraphs.

(a) Denied.

(b) Denied.

11. SpaceX admits that [6,7(C)] sent an email to all or substantially all SpaceX personnel on [6,7(C)] 2022 that referenced personnel discharges. SpaceX denies each and every other allegation and legal conclusion contained in this paragraph.

12. This paragraph states a legal conclusion to which no answer is required. To the extent a response is required, SpaceX denies each and every allegation and legal conclusion contained in this paragraph.

2024-NLFO-00866-000004

13. SpaceX admits that, on or about [6,7(C)] 2022, [6,7(C)] had a meeting with certain SpaceX personnel. SpaceX denies each and every other allegation and legal conclusion contained in this paragraph.

14. This paragraph states a legal conclusion to which no answer is required. To the extent a response is required, SpaceX denies each and every allegation and legal conclusion contained in this paragraph.

15. This paragraph states a legal conclusion to which no answer is required. To the extent a response is required, SpaceX denies each and every allegation and legal conclusion contained in this paragraph.

16. This paragraph states a legal conclusion to which no answer is required. To the extent a response is required, SpaceX denies each and every allegation and legal conclusion contained in this paragraph.

17. This paragraph states a legal conclusion to which no answer is required. To the extent a response is required, SpaceX denies each and every allegation and legal conclusion contained in this paragraph.

18. SpaceX denies each and every allegation and legal conclusion contained in this paragraph.

19. This paragraph states a legal conclusion to which no answer is required. To the extent a response is required, SpaceX denies each and every allegation and legal conclusion contained in this paragraph.

20. SpaceX admits that, on or about [6,7(C)] 2022, [6,7(C)] gave a confidentiality instruction to an employee about an investigation. SpaceX denies each and every other allegation and legal conclusion contained in this paragraph.

2024-NLFO-00866-000005

21. This paragraph states a legal conclusion to which no answer is required. To the extent a response is required, SpaceX denies each and every allegation and legal conclusion contained in this paragraph.

22. SpaceX admits that, on or about 6,7(C) 2022, 6,7(C) during an investigation, utilized screenshots of communications showing the authors' intent to wrongfully leak SpaceX documents. SpaceX denies each and every other allegation and legal conclusion contained in this paragraph.

23. SpaceX admits that, on or about 6,7(C) 2022, 6,7(C) gave a confidentiality instruction to an employee about an investigation. SpaceX denies each and every other allegation and legal conclusion contained in this paragraph.

24. This paragraph states a legal conclusion to which no answer is required. To the extent a response is required, SpaceX denies each and every allegation and legal conclusion contained in this paragraph.

25. SpaceX admits that, on or about 6,7(C) 2022, 6,7(C) during an investigation, discussed communications showing the authors' intent to wrongfully leak SpaceX documents. SpaceX denies each and every other allegation and legal conclusion contained in this paragraph.

26. This paragraph states a legal conclusion to which no answer is required. To the extent a response is required, SpaceX denies each and every allegation and legal conclusion contained in this paragraph.

27. SpaceX admits that, on or about 6,7(C) 2022, 6,7(C) during an investigation, utilized screenshots of communications showing the authors' intent to wrongfully

6

leak SpaceX documents. SpaceX denies each and every other allegation and legal conclusion contained in this paragraph.

28. SpaceX admits that, on or about [6,7(C)] 2022, [6,7(C)] gave a confidentiality instruction to an employee about an investigation. SpaceX denies each and every other allegation and legal conclusion contained in this paragraph.

29. This paragraph states a legal conclusion to which no answer is required. To the extent a response is required, SpaceX denies each and every allegation and legal conclusion contained in this paragraph.

30. This paragraph states a legal conclusion to which no answer is required. To the extent a response is required, SpaceX denies each and every allegation and legal conclusion contained in this paragraph.

Any and all remaining allegations and legal conclusions contained in the Complaint are denied, including but not limited to the unnumbered remedy allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted, including but not limited to the non-existence of protected concerted activity in this matter.

2. [6,7(C)] is a supervisor within the meaning of Section 2(11) of the Act.

3. SpaceX is a covered "carrier" as defined in the Railway Labor Act, and therefore not subject to the NLRA pursuant to 29 U.S.C. § 152(2).

4. Any finding of an unfair labor practice based in whole or in part on speech and/or views, argument, or opinion spoken or disseminated by SpaceX or its agents in any meetings, one-on-one discussions, or written or other communications constitutes an unconstitutional

infringement on the First Amendment right of freedom of speech. Under the U.S. Supreme Court's decision in *Counterman v. Colorado*, 600 U.S. 66 (2023), the First Amendment requires that, for government regulation of an alleged threat to be constitutionally permitted, the Government must demonstrate from the context of the statement that the author of the threat possessed intent to actually threaten the subject. In this case, the General Counsel has failed to plead any of the required elements required under *Counterman*, and even if the General Counsel had, the General Counsel could not prove the requisite subjective intent. As none of the alleged threats, interrogation, or communications by SpaceX rise to the level of a "true threat" under *Counterman*—a threat of actual violence—the Board must therefore prove a level of intent beyond reckless disregard, and, instead, prove an actual subjective intent to specifically coerce specific employees in their Section 7 rights. The Board's attempts to regulate SpaceX's speech therefore exceeds the constitutional limits identified by the Supreme Court in *Counterman*.

5. Any proceeding before or action by an NLRB Administrative Law Judge ("ALJ") in this matter or finding by an NLRB ALJ that SpaceX committed an unfair labor practice in this proceeding would be an unconstitutional action because the dual removal protections for NLRB ALJs violate Article II of the Constitution. These violations include, but are not limited to, an NLRB ALJ carrying out any conferences, hearings, or trial whatsoever, in the course of this case, and SpaceX being required to respond to, or litigate, the Complaint in any fashion, including but not limited to the filing of this Answer.

6. Any decision by the NLRB Board Members on review of the ALJ's final order that SpaceX committed an unfair labor practice would be an unconstitutional action under Article II given the strict protections insulating Board Members from removal by the President and the substantial executive power that Board Members exercise.

7. The NLRB Members' exercise of substantial executive power (see, e.g., 29 U.S.C. § 160(j)), combined with the Member's removal protection, also violates Article II of the Constitution.

8. Any adjudicatory proceeding to determine whether SpaceX committed an unfair labor practice violates SpaceX's Seventh Amendment right to a jury trial given the remedies sought in the Complaint. This claimed authority to award legal relief goes beyond the Board's constitutional and statutory remit to adjudicate public rights through administrative proceedings and instead seeks to vindicate private rights for the benefits of private parties. This is underscored by the charging parties' attempt to intervene in *Space Exploration Technologies Corp. v. National Labor Relations Board et al.*, Case 1:24-cv-00001 (S.D. Tex.), claiming a separate and private interest to do so.

9. Any appeal of the ALJ's order to the NLRB Board Members would violate SpaceX's constitutional due process rights if the Board Members first seek injunctive relief against SpaceX under Section 10(j) of the NLRA, 29 U.S.C. § 160(j).

10. The finding of an unfair labor practice based on the Complaint would violate SpaceX's Due Process Rights under the U.S. Constitution and other federal law as the facts alleged in the Complaint are not unfair labor practices within the meaning of the Act, and the General Counsel has delayed too long in deciding to allege SpaceX's actions as unfair labor practices.

11. The finding of an unfair labor practice, and any remedy, based on the Complaint would contravene the purposes and terms of the Outer Space Treaty, the Space Liability Convention, the Commercial Space Launch Act, Title 14 regulations, Federal Acquisition Regulations (including the Department of Defense and NASA supplements), and Federal Aviation Administration-granted Launch Licenses, and other laws and regulations, in violation of the

comity and accommodation principles set forth by *Southern Steamship Co. v. NLRB*, 316 U.S. 31 (1942).

12. No remedy is appropriate as SpaceX has not engaged in any unfair labor practice. Further, the remedies requested in the Complaint are punitive, inappropriate, non-remedial, violate SpaceX's freedom of speech and assembly rights under the First Amendment, violate the takings clause of the Fifth Amendment, and are beyond the authority of the Board to order under Section 10(c) of the Act.

13. SpaceX further reserves the right to amend and/or supplement its answers and affirmative defenses.

**WHEREFORE**, SpaceX respectfully requests that the Complaint be dismissed in its entirety, with prejudice.

Dated: January 24, 2024

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Harry I. Johnson III*

Harry I. Johnson III
2049 Century Park East, Suite 700
Los Angeles, CA
Phone: (310) 255-9005
harry.johnson@morganlewis.com

Lauren M. Emery
110 North Wacker Drive, 29th Floor
Chicago, IL 60606
Phone: (312) 324-1147
lauren.emery@morganlewis.com

Matthew A. Harper
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Phone: (713) 890-5194
matt.harper@morganlewis.com

*Counsel for Space Exploration Technologies Corp.*

## CERTIFICATE OF SERVICE

I certify that on January 24, 2024, a copy of Respondent Space Exploration Technologies Corp.'s Answer to the Complaint in NLRB Cases 31-CA-307446, 31-CA-307514, 31-CA-307525, 31-CA-307532, 31-CA-307539, 31-CA-307546, 31-CA-307551, and 31-CA-307555 was filed electronically using the NLRB's e-filing system and served by email on the following:

Lynn Ta
Field Attorney
National Labor Relations Board, Region 31
11500 W. Olympic Blvd., Suite 600
Los Angeles, CA 90064-1753
lynn.ta@nlrb.gov

Anne Shaver
Lieff Cabraser Heimann & Bernstein LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
ashaver@lchb.com

Laurie M. Burgess
Burgess Law Offices PC
498 Utah Street
San Francisco, CA 94110-1435
lburgess@burgess-laborlaw.com

/s/ Matthew A. Harper
Matthew A. Harper