United States District Court
Southern District of Texas
**ENTERED**
February 15, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., "Plaintiff", <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD ET AL., "Defendants." | § § § § § § § § § § | Civil Action No. 1:24-cv-00001 |

### ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE

Before the Court is the "Motion of Defendants to Transfer Venue Pursuant to 28 U.S.C. § 1406(a) and § 1404(a)" (Dkt. No. 29) ("Motion"), Plaintiff's "Response in Opposition to Defendants' Motion to Transfer Venue Pursuant to 1406(a) and § 1404(a)" (Dkt. No. 64) ("Response"), Defendants' "Reply in Support of Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406(a) and § 1404(a)" ("Reply"), and the "Brief of Charging Parties as *Amici Curiae* in Support of Defendants' Motion to Transfer Venue" (Dkt. No. 73) ("Brief").

For the reasons below, Defendants' Motion (Dkt. No. 29) is **GRANTED**.

### I.  BACKGROUND

This action pertains to an administrative proceeding before Defendant National Labor Relations Board ("NLRB") involving alleged unfair labor practices ("ULP") by Plaintiff. Dkt. No. 1 at 9. On January 3, 2024, Region 31 of the NLRB, located in Los Angeles, California, issued an administrative complaint in the Central District of California alleging that Plaintiff unlawfully interrogated and fired eight employees ("Charging Parties") in response to their organization and distribution of an open letter regarding working conditions. Dkt. No. 29 at 3–5. Plaintiff sued Defendants, claiming that the proceeding and the structure of the NLRB are unconstitutional. *See id.* at 10–23.

Plaintiff, Space Exploration Technologies Corp. ("SpaceX"), is a Delaware corporation and maintains its principal place of business in Hawthorne, California. Dkt. No. 29 at 3, n.17. Defendant NLRB has its headquarters in Washington D.C., and all other Defendants are involved only in their official capacities within the NLRB. *Id.* at 6.

1

Seven of the eight Charging Parties lived in California and worked in Plaintiff's headquarters in Hawthorne, California. Dkt. No. 18 at ¶4; Dkt. No. 29 at 3. The other employee lived in Washington but was supervised by management in Hawthorne. *Id.* The Charging Parties moved to Intervene (Dkt. No. 17).

Defendants' Motion alleges that venue is improper in this district and that the case should be transferred under 28 U.S.C. § 1406(a), or that it should be transferred in the interest of justice and convenience under 28 U.S.C. § 1404(a). *See* Dkt. No. 29. Plaintiff claims that venue is proper because the events in Hawthorne and the later NLRB proceeding affect its facilities nationwide. *See* Dkt. No. 64 at 1.

## II.   LEGAL STANDARD

"Once a defendant challenges venue, the plaintiff has the burden of demonstrating that the chosen venue is proper." *Graham v. Dyncorp Intl, Inc.*, 973 F. Supp. 2d 698, 700 (S.D. Tex. 2013) (citing *Am. Gen. Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 396 (S.D. Tex. 2011)).

A civil action against an agency of the United States may be brought in a judicial district where "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, [...] or (C) the plaintiff resides if no real property is involved in the action [...]." 28 U.S.C. § 1391(e)(1). When a case is filed in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The Court should determine whether venue is proper but need not determine the "best" venue. *Safety Nat'l Cas. Corp. v. United States Dep't of the Treasury*, No. H-07-643, 2007 U.S. Dist. LEXIS 99225, *17 (S.D. Tex. Aug. 20, 2007). But "a district court should not accept venue if the activities that transpired in the forum district were insubstantial in relation to the totality of events giving rise to Plaintiffs' claims." *Andrade v. Chojnacki*, 934 F. Supp. 817, n.18 (S.D. Tex. 1996) (citing *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3rd Cir. 1994)).

## III.   DISCUSSION

It is undisputed that no party resides in the Southern District of Texas. Dkt. No. 29 at 6. Thus, the issue in dispute is whether a "substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of Texas. 28 U.S.C. § 1391(e)(1)(B). This condition is not satisfied.

2

Plaintiff references four facts in support of its position: (1) the open letter caused disruption at all its facilities, (2) the administrative complaint identifies an email sent "to all employees" from the president and chief operating officer of Plaintiff, Gwynne Shotwell ("Ms. Shotwell"), as one of the alleged ULPs, (3) Defendants seek remedies with company-wide effect, and (4) the NLRB proceeding is "making demands of personnel across many facilities, including Starbase." *Id.* at 5–6.

The principal events giving rise to this action are the drafting of the open letter by the Charging Parties and commencement of the NLRB proceeding in the Central District of California. Thus, the nexus of facts is heavily focused in the Central District of California. The Charging Parties were all connected to Plaintiff's Hawthorne facility, and none had connections to Texas. Dkt. No. 29 at 3, n.16. Nearly all the alleged ULP in the administrative complaint occurred in the Hawthorne facility. *Id.* at 4, n.22. Even the administrative proceeding itself will take place in California. Dkt. No. 29 at 3–5.

Plaintiff thus focuses on the resulting effects of these events that have touched or may eventually touch Plaintiff's other facilities. Thus, even if the effects on all the facilities were equal, only about one sixth of those events on which Plaintiff rests its argument occurred or would occur in this district.[1] Moreover, these resulting events in this district are insubstantial in number compared to the totality of those giving rise to Plaintiff's claim and far less significant than those occurring in California.

The open letter may have caused disruption across Plaintiff's facilities, but most related events such as the conditions precipitating the letter, its drafting, and the immediate consequences for the Charging Parties occurred at and in relation to the Hawthorne facility. As a result, an even larger disruption should be expected to have occurred in Hawthorne than in an unrelated facility. The incidental effects reaching Texas are thus only a small part of the occurrence itself, and Plaintiff gives no reason why such effects would be especially significant in this district.

The emails at issue directly addressed a member of the California-based Charging Parties in one case and in all others, addressed the open letter, which was drafted and proliferated from California. Dkt. No. 78 at 11; Dkt. No. 64-3 at 2. While Plaintiff emphasizes that the message

---

[1] *See* Mission: SpaceX Facilities, SPACEX, https://www.spacex.com/mission/ (last visited Feb 13, 2024) (listing the six SpaceX facilities, only one of which is in the Southern District of Texas).

3

was sent to all employees, this message is merely another incidental contact with the Southern District of Texas.

Similarly, even if the Court agreed that it is proper to consider Defendants' proposed remedies in the administrative proceeding as events giving rise to the action, such remedies and any demands the proceeding may make of Plaintiff's personnel do not show any inherent connection to the Southern District of Texas. On the contrary, these effects would be expected to have far more relevance to the Hawthorne facility, where most of the employees were fired and where the proceeding is being held.

Plaintiff's cited authority is unavailing. Plaintiff cites *Long v. Grafton Exec. Search, LLC* for the proposition that contact to Texas can constitute a substantial part of the events giving rise to the suit. 263 F. Supp. 2d 1085, 1090 (N.D. Tex. 2003); Dkt. No. 64 at 6. But in *Long* there was a direct communication to Texas; the content caused the claim, and the injury was experienced in Texas. *Long*, 263 F. Supp. 2d at 1090. The Southern District of Texas is only one of the many locations that the open letter reached, and the consequences are not that relevant to Texas.

The Fifth Circuit held that "[C]ommunications to [Texas] can constitute a substantial part of the events giving rise to a plaintiff's claims, if the claims derive directly from those communications. *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 493 (5th Cir. 2018) (citing *Siragusa v. Arnold*, No. 3:12-CV-04497-M, 2013 U.S. Dist. LEXIS 131740, *3 (N.D. Tex. Sep. 16, 2013)). In any event, it would not be accurate to say that this claim derived directly from any communications to Texas. Rather, the case derived directly from the administrative proceeding which itself derived directly from Plaintiff's response to an open letter, which reached the Southern District of Texas not directly but incidentally as one of six total SpaceX facilities.

Thus, these effects do not comprise a substantial part of the events giving rise to this claim. The events touching this district are incidental to the principal events occurring elsewhere and constitute a relatively small portion of the total body of events. This action concerns a California administrative proceeding regarding the actions of a California company and its California employees in California. This action should be transferred.

Plaintiff alternatively requests that the action be transferred to the Western District of Texas, where Ms. Shotwell sent her emails to one of the Charging Parties and all SpaceX employees. Dkt. No. 64 at 8, n.3. As has been made clear, the Central District of California is the

venue in which the most events giving rise to this case occurred. In the interest of justice, this action should be transferred to the Central District of California.

## IV. CONCLUSION

For these reasons, Defendant's Motion (Dkt. No. 29) is **GRANTED**. It is **ORDERED** that this case be transferred to the Central District of California pursuant to 28 U.S.C. 1406(a).

Signed on this 15th day of February 2024.

Rolando Olvera
United States District Judge

5