DAVID P. BOEHM (pro hac vice to be filed)
david.boehm@nlrb.gov
NATIONAL LABOR RELATIONS BOARD
Contempt, Compliance and Special Litigation Branch
1015 Half Street, S.E., Floor 4
Washington, D.C. 20003
Telephone: (202) 273-4202
Facsimile: (202) 273-4244

LYNN TA (SB# 279991)
lynn.ta@nlrb.gov
NATIONAL LABOR RELATIONS BOARD
Region 31
11500 W. Olympic Blvd., Suite 600
Los Angeles, California 90064
Telephone: (310) 307-7317
Facsimile: (310) 235-7420

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP.,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL LABOR RELATIONS BOARD, et al.<br><br>    Defendants. | Case No. 2:24-cv-01523-CBM-AGR<br><br>DEFENDANTS' NOTICE REGARDING PLAINTIFF'S PENDING MANDAMUS PETITION AND PRELIMINARY INJUNCTION MOTION |

On February 15, 2024, the United States District Court for the Southern District of Texas transferred the above-captioned matter to this Court pursuant 28 U.S.C. § 1406(a) on the motion of Defendants National Labor Relations Board, *et al.* (collectively, "NLRB") to transfer venue. *See* Order, *Space Expl. Techs. Corp. v. NLRB*, No. 1:24-cv-00001 (S.D. Tex. Feb. 15, 2024), ECF No. 82. NLRB presents this notice to apprise the Court of developments in the proceedings. After the case was transferred, on February 16, 2024, Plaintiff Space Exploration Technologies Corp. ("SpaceX") filed an Emergency Petition for Writ of Mandamus in the United States Court of Appeals for the Fifth Circuit, asking the Fifth Circuit to "immediately request [the] case back from the Central District of California." Emergency Petition for Writ of Mandamus 1, *In re: Space Expl. Techs. Corp.*, No. 24-40103 (5th Cir. Feb. 16, 2024), ECF No. 2-2.

Four days after the transfer was completed, on February 19, 2024, the Fifth Circuit issued an administrative stay of the transfer order. *Id.*, Order, ECF No. 28-1. But once venue has been transferred, the originating district court, as well as the appeals court for the circuit in which that court sits, loses jurisdiction over the case. *See Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987); *In re Red Barn Motors, Inc.*, 794 F.3d 481, 484 (5th Cir. 2015); *Ricketts v. Att'y Gen.*, 897 F.3d 491, 494 (3d Cir.

2018); *Jones v. InfoCure Corp.*, 310 F.3d 529, 533 (7th Cir. 2002); *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 988 n.10 (11th Cir. 1982); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3846 (4th ed. 2023).[1]

The NLRB has opposed SpaceX's mandamus petition on several grounds. But if a writ of mandamus is granted, it would direct the transferor court to request the case be retransferred to it from the transferee court. *See Def. Distributed v. Bruck*, 30 F.4th 414, 437 (5th Cir. 2022). The transferee court, however, is not obliged to honor the request if it determines that retransfer is not appropriate or warranted. *Def. Distributed v. Platkin*, 617 F. Supp. 3d 213, 240 (D.N.J. 2022).

The NLRB further notes to this Court that SpaceX's pending motion for a preliminary injunction, and the NLRB's opposition to that motion, are grounded in Fifth Circuit precedent. Applicable Ninth Circuit

---

[1] The transfer of this case was completed "essentially instantaneously" when the record was electronically transferred to this Court on February 15. *Home Furnishings Store, Ltd. v. Stiles Mach., Inc.*, No. CIV.A. 11-698, 2011 WL 6329869, at *1 (E.D. La. Dec. 19, 2011); *See, e.g., In re Brand–Name Prescription Drugs Antitrust Litig.*, 264 F.Supp.2d 1372, 1378 (J.P.M.L. 2003) ("From the moment that the files are physically transferred to the receiving court, the sending court loses all jurisdiction over the case"); *Wilson v. City of San Jose*, 111 F.3d 688, 693 (9th Cir. 1997) (where clerk failed to file documents after transfer, "this court will . . . treat documents as filed on the dates that they were tendered to the court that should have filed them").

precedent did not receive the treatment or emphasis from the parties that this Court might otherwise expect had the case been originally filed in this district. Accordingly, it may be necessary for the parties to submit additional briefing to address the applicable law in this circuit.

Finally, the NLRB notes that the underlying unfair-labor-practice hearing, which SpaceX is seeking to enjoin, is set to begin on March 5, 2024. SpaceX has requested multiple postponements from various NLRB officials, including the assigned administrative law judge. Should any postponement request be granted, we will promptly advise this Court.

Likewise, the NLRB will apprise the Court of any further developments in the Fifth Circuit mandamus proceeding.

        DAVID P. BOEHM (pro hac vice to be filed)
        david.boehm@nlrb.gov
        NATIONAL LABOR RELATIONS BOARD
        Contempt, Compliance and Special Litigation Branch
        1015 Half Street, S.E., Floor 4
        Washington, D.C. 20003
        Telephone: (202) 273-4202
        Facsimile: (202) 273-4244

        By:  s/Lynn Ta
        LYNN TA
        Field Attorney
        NATIONAL LABOR RELATIONS BOARD,

REGION 31
11500 W. Olympic Blvd., Suite 600
Los Angeles, CA 90064
Telephone: (310) 307-7317
Facsimile: (310) 235-7420

Attorneys for Defendants

DATED: February 23, 2024