DAVID P. BOEHM (pro hac vice pending)
david.boehm@nlrb.gov
NATIONAL LABOR RELATIONS BOARD
Contempt, Compliance, and Special Litigation Branch
1015 Half Street, S.E., Floor 4
Washington, D.C. 20003
Telephone: (202) 273-4202
Facsimile: (202) 273-4244

LYNN TA (SB# 279991)
lynn.ta@nlrb.gov
NATIONAL LABOR RELATIONS BOARD
Region 31
11500 W. Olympic Blvd., Suite 600
Los Angeles, California 90064
Telephone: (310) 307-7317
Facsimile: (310) 235-7420

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, *et al.* <br><br> Defendants. | Case No. 2:24-cv-01352-CBM-AGR <br><br> DEFENDANTS' NOTICE REGARDING FURTHER DEVELOPMENTS IN FIFTH CIRCUIT MANDAMUS PROCEEDINGS AND REQUEST TO BRIEF PRIOR TO ANY RETRANSFER |

Defendants National Labor Relations Board, *et al.* (collectively, "NLRB") submit this notice in accordance with its prior notice to the Court that it would apprise it of developments in related proceedings. [ECF 86.] Today, February 26, 2024, the United States Court of Appeals for the Fifth Circuit issued the attached order directing the United States District Court for the Southern District of Texas to request retransfer of this case to that court. *See* Order, *In re: Space Expl. Techs. Corp.*, No. 24-40103 (5th Cir. Feb. 26, 2024), ECF No. 46-1. The Fifth Circuit's order does not grant or deny the petition for writ of mandamus filed by Plaintiff Space Exploration Technologies Corp., but rather seeks retransfer in advance of such a ruling to "maintain procedural clarity, reduce inter-circuit friction, and foster comity." *Id.* at 2 n.1

Defendants take the position that this case was transferred, and properly so, to the jurisdiction of this Court. In a notice dated February 20, 2024, this Court stated that the case had been "transferred to this district and assigned" both a case number and a district judge. [ECF No. 85.] The Fifth Circuit issued an order (stamped as filed on February 19 in one place, and February 20 in another, but issued by ECF on February 19) administratively staying the transfer order. Today's Fifth Circuit order questions "the wisdom of docketing a case when the transfer order

- 1 -

has already been stayed," Or. at 1 n.1, but there is no indication that the administrative stay did—or even could—restrain this Court's processing of the transferred action.[*]

Defendants request an opportunity to brief the propriety of retransfer before any order is issued retransferring the case. As the NLRB intends to show, retransfer would serve no purpose because (1) the original transfer order was correct, (2) even if the case is returned to the Southern District of Texas and the Fifth Circuit eventually grants SpaceX's mandamus petition, the case can still ping-pong back to this Court, based on the NLRB's alternative request for a discretionary transfer under 28 U.S.C. § 1404(a), (3) the NLRB's answer or motion to dismiss this matter is due on March 4, and it must know what Court has jurisdiction to intelligently assess its defenses, and (4) SpaceX seeks to enjoin a hearing that is only eight days away.

---

[*] Beyond this, the facts surrounding the processing of the transferred case are unclear. NLRB counsel was informed by telephone on February 21 by the Clerk's Office of this Court of the case number, 24-cv-1349, and the assigned judge, Christina A. Snyder, for this matter. However, that case number did not return a result in CM/ECF on February 21 or 22; then, on February 23, 24-cv-1349 showed in CM/ECF as relating to a different action in this Court. That same day, February 23, 2024, the undersigned attorney, Lynn Ta, went to the Clerk's Office and was informed that a new case number had to be generated before the case could be made available on CM/ECF, which occurred shortly thereafter.

The NLRB further requests that, if this Court is inclined to disagree, it should stay any retransfer for ten days, to permit any party to seek appropriate relief.

DAVID P. BOEHM (pro hac vice pending)
david.boehm@nlrb.gov
NATIONAL LABOR RELATIONS BOARD
Contempt, Compliance, and Special
Litigation Branch
1015 Half Street, S.E., Floor 4
Washington, D.C. 20003
Telephone: (202) 273-4202
Facsimile: (202) 273-4244

By:   s/Lynn Ta
LYNN TA
Field Attorney
NATIONAL LABOR RELATIONS BOARD,
REGION 31
11500 W. Olympic Blvd., Suite 600
Los Angeles, CA  90064
Telephone: (310) 307-7317
Facsimile: (310) 235-7420

Attorneys for Defendants

DATED: February 26, 2024