1  MORGAN, LEWIS & BOCKIUS LLP
   Harry I. Johnson III (SBN 200257)
2  2049 Century Park East
   Suite 700
3  Los Angeles, CA 90067
   Tel:     + 1.310.907.1000
4  Fax:     + 1.310.907.1001
   Email:  harry.johnson@morganlewis.com
5

6
   Attorneys for Plaintiff
7  SPACE EXPLORATION TECHNOLOGIES CORP.

8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10

11
   SPACE EXPLORATION                      Case No. 2:24-cv-01352-CBM-AGR
12 TECHNOLOGIES CORP.,
                                          **PLAINTIFF SPACEX'S RESPONSE TO
13              Plaintiff,                DEFENDANTS' NOTICE AND REQUEST
                                          TO IMMEDIATELY RETRANSFER THIS
14         v.                             CASE PURSUANT TO THE FIFTH
                                          CIRCUIT'S ORDER**
15 NATIONAL LABOR RELATIONS
   BOARD, et al.,
16
                Defendants.
17

18            **PLAINTIFF SPACEX'S RESPONSE TO NOTICE**

19        Yesterday, the U.S. Court of Appeals for the Fifth Circuit held, consistent with Ninth

20 Circuit precedent, that jurisdiction over this case remains in the Fifth Circuit because the Fifth

21 Circuit administratively stayed the transfer before the clerk's office of this Court docketed the case.

22 Order, *In re SpaceX*, No. 24-40103, Dkt. No. 46-1 (5th Cir. Feb. 26, 2024) (citing *Lou v. Belzberg*,

23 834 F.2d 730, 733 (9th Cir. 1987) ("We adopt the docketing date as the time of effective

24 transfer.")).  In the Fifth Circuit's words, it "still has jurisdiction over the case."  *Id.* at 3.[1]

25        But because the clerk's office docketed the case here despite the Fifth Circuit's timely stay

26 of the transfer, and to "maintain procedural clarity, reduce inter-circuit friction, and foster comity,"

27 _____

28 [1] SpaceX submits this response because Defendants' tactics have left no other choice.  But
   submitting this response should not be construed as conceding, in any way, that this Court
   currently has jurisdiction.  The Fifth Circuit has already ruled that it does not.

1    the Fifth Circuit directed the Southern District of Texas to immediately request that this Court

2    return the transferred case.  *Id.* at 2 n.1.  By the Fifth Circuit's own account, this procedural step

3    was out of an abundance of caution and "[i]n the interest of procedural consistency and comity,"

4    but not strictly necessary because jurisdiction over the case never vested in this Court.

5           Even so, Defendants—a federal agency and officers acting in their official capacities—now

6    make an astonishing request that this Court dispense with comity and create procedural confusion

7    and inter-circuit strife.  They ask the Court to disregard a sister court's determination of its own

8    jurisdiction and assert jurisdiction over a case that was never validly transferred.  If Defendants

9    want to contest the Fifth Circuit's jurisdictional determination, the place to do so is before the Fifth

10   Circuit.  But for now, the Fifth Circuit's ruling is the law of the case.  The National Labor

11   Relations Board and its officers and counsel are subject to the Fifth Circuit's authority and their

12   flagrant effort to thwart the Fifth Circuit's order is, to put it mildly, grossly improper.

13          Despite Defendants' attempts to muddle the record, the timeline is clear and the Fifth

14   Circuit's ruling clearly correct.  In an order entered on February 19, the Fifth Circuit stayed the

15   Southern District of Texas's transfer order.[2]  As Defendants' Notice admits—despite being on

16   notice of the Fifth Circuit's stay of the transfer—they continued both by telephone and in person to

17   pressure this Clerk's Office to ignore that stay and publicly docket the case.  Dkt. No. 101 n.*.

18   But, as the docket in this Court attests, the docketing did not occur until days after the stay.  The

19   docket in this Court contains a "Notice of Receipt of Case Transferred In" that was generated and

20   signed on February 20—after the Fifth Circuit's stay order.  Dkt. No. 85; *see also* Dkt. No. 83.

21   The case was not actually docketed until February 23; indeed, the parties agree there was no

22   electronically available docket or final case number assignment until February 23, and this Court's

23   docketing notations, starting with Docket Number 83, reflect that nothing was entered in the docket

24   of this Court until February 23.

25          Under Ninth Circuit precedent (which the Fifth Circuit's ruling cited), this sequence of

---

26

27   [2] Defendants acknowledge that the administrative stay was stamped as filed on February 19 by the
     Fifth Circuit's Clerk of Court, was entered on the docket on February 19, and was served on all
28   parties via ECF on February 19.  The accompanying memorandum to counsel was also dated
     February 19.  The ECF header says February 20, but the actual filing date, February 19, is
     undisputed.

1    events means that this Court lacks jurisdiction over the case.  In *Lou*, the Ninth Circuit examined

2    when its jurisdiction would be terminated after the initiation of a transfer from the Central District

3    of California to the Southern District of New York under 28 U.S.C. § 1404.  834 F.2d at 733.  The

4    Ninth Circuit held that the transfer was not "effective" until the docketing date and that the

5    initiation of the transfer did not strip it of jurisdiction.  *Id.* ("As Lou filed her appeal on June 12,

6    1986, before the papers were docketed in New York, this court had already acquired appellate

7    jurisdiction before the transfer was effective.  Once jurisdiction is properly obtained by the

8    appellate court it is not terminated by the subsequent completion of a section 1404 transfer.").  This

9    Ninth Circuit precedent confirms that the Fifth Circuit likewise retained jurisdiction to stay the

10   transfer order on February 19 because no docketing had yet occurred here.  After that stay, later

11   actions by this Court's clerk's office were ineffective at establishing jurisdiction.  Binding Ninth

12   Circuit precedent therefore compels this Court recognize the Fifth Circuit's stay of the transfer.

13          Defendants' request for briefing on this matter is unnecessary and inappropriate.  Because

14   this Court never obtained jurisdiction under binding Ninth Circuit precedent and the law of the

15   case, it should not invite further briefing.  Defendants have already filed two inappropriate and

16   argumentative notices which do not come close to supporting their plainly erroneous position.  *See*

17   Dkt. Nos. 96 & 101.  For this Court to invite briefs and decide a jurisdictional question that was

18   already resolved would waste judicial resources and create the inter-circuit friction that the Fifth

19   Circuit is rightly attempting to avoid.  Still less should the Court delay retransfer by 10 days to

20   allow Defendants time to seek mandamus in the Ninth Circuit.  *See* Dkt. No. 101, at 3.  Defendants

21   apparently welcome the waste of resources and delay because, as they are well aware, the NLRB

22   administrative hearing that SpaceX seeks to enjoin opens on March 5, one week from today.[3]  The

23   Court should not condone Defendants' improper stratagem.

24

---

25   [3] Although the NLRB proceeding will open on March 5, which is a "here and now" constitutional
26   injury to SpaceX, *see, e.g.*, *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191 (2023), the NLRB
     Administrative Law Judge at the case management conference on Friday, February 23, indicated
27   (although as of yet there is no order setting this schedule) that (1) the trial portion of the
     administrative hearing would not begin until the week of May 13; (2) all subpoena-related
28   litigation filings would be due on March 18, and (3) documents responsive to the subpoenas would
     be exchanged in April.  Thus, although SpaceX's constitutional injuries are ongoing, the actual trial
     with live witness testimony likely will not begin until the week of May 13.

1    Defendants argue that the timing supports ignoring the Fifth Circuit's jurisdictional

2  determination.  This Court should move forward, Defendants say, because Defendants currently

3  have a March 4 deadline to answer or otherwise respond to the Complaint.  Dkt. No. 101, at 2.

4  SpaceX believes (particularly given this Court's lack of jurisdiction) that there is no reason for

5  Defendants to submit a pleading or responsive motion in this Court.  (SpaceX also stipulates to

6  extending Defendants' responsive pleading deadline by 30 days to allow resolution of the venue

7  issues.)  By the same token, the Court should not issue any ruling on the merits of the preliminary

8  injunction request, which will not be before this Court unless the Fifth Circuit lifts its

9  administrative stay and upholds the transfer to this Court.

10    Immediate retransfer not only respects the Fifth Circuit's order,[4] but also settles any

11  lingering procedural ambiguity and avoids turning this case into problem from a law school exam.

12  Nor would Defendants suffer any prejudice from that course of action.  If the Fifth Circuit holds

13  that the transfer was proper, it will deny the writ of mandamus, and this Court can then assume

14  jurisdiction over the case.  If the Fifth Circuit holds that transfer was in error, however,

15  Defendant's invitation would have this Court create a jurisdictional tug-of-war and procedural

16  mess that may need sorting out in both circuits' appellate courts, creating more unnecessary delay

17  and impeding "the just, speedy, and inexpensive determination of [this] action."  Fed. R. Civ. P. 1.

18    Defendants preemptively raised the Fifth Circuit's ruling before the Southern District of

19  Texas had an opportunity to request this case back in compliance with that ruling.  Now that

20  Defendants have done so, this Court should immediately retransfer the case to the Southern District

21  of Texas at its earliest opportunity.

22

23  _____

24  [4] Although Defendants cite *Defense Distributed v. Platkin*, 617 F. Supp. 3d 213, 240 (D.N.J. 2022), to argue that this Court should not respect the Fifth Circuit's order, that case is inapplicable. Unlike in that case, the Fifth Circuit here preserved its jurisdiction by staying the transfer (on

25  February 19) before the case records were received (on February 20) or docketed (on February 23) in the transferee court, and thus before the transferee court could obtain jurisdiction.  That is

26  precisely why the Fifth Circuit squarely held that it currently has jurisdiction over the case, unlike in *Defense Distributed*.  Defendants suggest that the administrative stay was somehow ineffective,

27  Dkt. No. 101 at 2, but that argument is baseless and contrary to the All Writs Act.  *See* 28 U.S.C. § 1651 ("all courts established by Act of Congress may issue all writs necessary or appropriate in

28  aid of their respective jurisdictions and agreeable to the usages and principles of law.").  So, there is even less justification here than in *Defense Distributed* to jettison comity and respect between the federal courts.

1

Dated:  February 27, 2024

2

MORGAN LEWIS BOCKIUS LLP

3

By            */s/ Harry I. Johnson III*
                        Harry I. Johnson III

4

5

Attorneys for Plaintiff
Space Exploration Technologies Corp.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28